Curia, per

Harper, Ch.
It is true that this Court will very rarely overrule a decision upon matter of fact in which the Chancellor and the Commissioner have concurred. There is less reluctance, however, in submitting the question to a jury, *178 if the evidence be doubtful; and, more especially, if the credit or character of witnesses or parties, be involved.
The question is of the execution of the note, or single bill, to the defendant. The signature of the maker was proved in the usual way, by witnesses, acquainted with his hand writing, and by comparison of hands. And, if this were all, we should concur in the conclusion of the Commissioner and Chancellor. But, the hand writing of the subscribing witness is not proved. The witnesses say that his signature is not written in the way he usually wrote his name about the time the note purports to bear date, and neither of them affirmed that it was or was not his hand writing. It is rather disproved. And, upon comparing this signature with the witness’s signature to the mortgage, executed three days before the note bears date, the difference is so marked, as to give rise to strong suspicion that the former, if written by the witness at all, must have been written after a considerable lapse of time, when the character of his hand writing had materially changed.
There is no doubt, but that, by the English authorities, it is necessary to prove the hand writing of the subscribing witness. The only question which has been made is, whether it is necessary to prove the hand writing of the maker or obli-gor also; and indeed, it seems to have been settled, that this is not necessary. Adam vs. Ker, (1 Bos. & Pul. 360 ;) Milward vs. Temple, (1 Camp. 375.) By the Act of Assembly of 1802, (2 Faust, 453,) it is provided that if the subscribing witness to a bond or note, shall fail to attend, the trial shall not be postponed, but the signature to such bond or note may be proved by other testimony, unless the defendant, at the time of filing his or her plea, shall swear that the signature is not his or hers. And in the case of Edgar vs. Brown, (4 M’C. 91,) it was decided that where no oath is made, it is enough to prove the hand writing of the obligor, without proof of the signature of the subscribing witness. If the oath be made, *179 however, there can be no doubt but that the plainti.fi must produce the subscribing witness, if he be within the jurisdiction, or if he be dead or out of the jurisdiction, must prove his hand writing, as at common law. ■ The Act, in its terms, was evidently intended to apply to the courts of law. No flea is filed when a note is produced in accounting before the commissioner. Yet, perhaps, as in the instance of the Statute of Limitations, this court ought to conform to its spirit. In the case of executors and admiüistrators, the Act provides that the signature may be proved, unless one of the executors or administrators, at the time of filing his plea, shall swear that he has cause to believe that the signature is not his testator’s, or intestate’s.
The note, in this case, was not mentioned in the bill or''' answer, and the executor could not have made the oath un--til it was produced upon the reference, In conforming to the’ spirit of the Act, perhaps, the regular course would have been that the executor should then have made the oath, and required the production of the subscribing witness, or proof of his signature. But this has not been usual, and we think it within the discretion of the Court to allow him to make the oath before granting the issue which is desired. The issue will be granted upon that condition. It must be recollected, too, that the bill was sworn to, and purports to set out all the claims of defendant to complainant; and the answer, which sets out all the other claims, is silent as to this. This is, of itself, a suspicious circumstance,
. It is true, that in the course of the argument there was an admission, or rather, conjecture, that the signature was, in fact, written by the witness, William Stogner, at a subsequent time, and that he was the forger of the instrument. But it is hardly necessary to say that this was not such an admission as would establish its authenticity, or make it évidence.
*180 The argument in the Court below, seems to have turned on the proof of the hand writing of the obligor, McCorkle. But that of the subscribing witness was in question before the commissioner, and evidence was given in relation to it. It was involved in the terms of the exception to the report and of the grounds of appeal to this Court, and therefore, seems proper to be considered. But if it were only necessary to prove the hand writing of the obligor, the fact that there appears to have been á subscribing witness, and that the witnesses examined state that the signature was not his hand writing at the time, is enough to throw suspicion upon the other proof. To say that it was not his hand writing at the rime the note bears date, (which we must presume to be the true-date) is-to infer that he did not subscribe it, as a witness, and that his signature, at least, is forged or spurious. The proof of hand writing by witnesses, dr comparison of hands, affords much room for mistake and uncertainty,, and such a circumstance is calculated' to throw doubt upon it, however satisfactory it might otherwise be. As I have said, the granting of an issue, is a matter within the discretion of the Court,, and where serious doubt exists, it ought to exercise that discretion.
It is therefore ordered, that upon the complainant’s making, the oath required by the Act of Assembly aforesaid, an issue at law be made up, to try and determine whether the complainant’s testator, Samuel McCorkle, did make and execute the note or obligation in question, to the next sitting of the Court of Common Pleas for Lancaster District: Defendant to be the actor at law: costs- of the issue to abide the event.
Dunkin, Ch. concurred.
Clinton, for the motion.